UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDA LOBELLO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CRONOS GROUP INC., and MICHAEL GORENSTEIN,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ida Lobello ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Cronos Group, Inc. ("Cronos" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Cronos securities between

1

August 21, 2018 and August 30, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. Cronos is a cannabis company. It is incorporated under the laws of Ontario, Canada with its headquarters in Toronto, Ontario.

3. On August 21, 2018, Cronos issued a press release entitled "Cronos Group Inc. Announces Provincial Supply Agreements." Therein, the Company, in relevant part, advised investors that Cronos had entered into supply agreements with several Canadian provinces.

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the size of Cronos's distribution agreements with Canadian provinces announced on August 21, 2018 was relatively small; and (ii) as a result, Cronos's public statements were materially false and misleading at all relevant times.

5. On August 30, 2018, Citron Research published an article entitled "Cronos: The Dark Side of the Cannabis Space," alleging, among other things, that Cronos has been "deceiving the investing public by purposely not disclosing the size of its distribution agreements with provinces – unlike every other major cannabis player" and that this was because "the agreements are so small that they could never justify the premium investors are paying for the stock."

6. On this news, Cronos's stock price fell $3.62 per share, or over 28%, to close at $9.12 per share on August 30, 2018, on usually heavy trading volume.

6.  As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.  The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Cronos's securities are traded on the Nasdaq Stock Market ("NASDAQ"), located within this Judicial District.

10.  In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.  Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Cronos securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Cronos, Inc. is incorporated under the laws of Ontario, Canada with its principal executive offices located in Toronto, Canada. Its common shares trade on the NASDAQ exchange under the symbol "CRON."

13.     Defendant Michael Gorenstein ("Gorenstein") has served, at all relevant times, as the Chief Executive Officer ("CEO"), President, and Chairman of the Company's Board of Directors.

14.     Defendant Gorenstein possessed the power and authority to control the contents of Cronos's SEC filings, press releases, and other market communications.  Gorenstein was provided with copies of the statements alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of his position with the Company, and his access to material information available to him but not to the public, Gorenstein knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  Gorenstein is liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

15.     Cronos is a cannabis company. It is incorporated under the laws of Ontario, Canada with its headquarters in Toronto, Ontario.

### Materially False and Misleading Statements Issued During the Class Period

16.     The Class Period begins on August 21, 2018.  On that day, Cronos issued a press release entitled "Cronos Group Inc. Announces Provincial Supply Agreements." Therein, the Company, in relevant part, stated:

> Cronos Group has secured listings and signed binding master supply agreements with both the Ontario Cannabis Retail Corporation and the BC Liquor Distribution Branch. In combination, these provinces encompass over 50% of the Canadian population and hence the potential customer base which the Company is prepared to serve.
>
> The Company has also secured listings and has accepted supplier terms with the Nova Scotia Liquor Corporation and Prince Edward Island Liquor Corporation. Cronos Group will be offering Dried Flower, Pre-Rolls and its highly rated Oils through both government-operated retail stores and online platforms across its three recreational brands.
>
> Cronos Group plans to serve the Canadian recreational market through its bi-coastal production platform which includes facilities in British Columbia and Ontario. In combination, these facilities are expected to comprise 355,500 square feet of premium growing space. With access to over 1.2 million square feet of domestic capacity that is both actively licensed and committed facilities with production and sales licenses expected in the near future, Cronos Group is prepared to ensure premium quality product supply across the Canadian market.
>
> "Cronos is excited to provide our premium quality products to Canadian consumers for the upcoming legalization and launch of the recreational market," said Mike Gorenstein, CEO of Cronos Group. "Day one we are ready to build and establish our brand through our premium products and we are committed to building strong relationships with the provinces and our customers."

17.  The above statements identified in ¶ 16 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) the size of Cronos's distribution agreements with Canadian provinces announced on August 21, 2018 was relatively small; and (ii) as a result, Cronos's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

18.  On August 30, 2018, Citron Research published an article entitled "Cronos: The Dark Side of the Cannabis Space," that alleged:

5

*Cronos management appears to have been deceiving the investing public by purposely not disclosing the size of its distribution agreements with provinces* – unlike every other major cannabis player.

Our sources have informed us that it's because *the agreements are so small they could never justify the premium investors are paying for the stock*.

Some may argue that US listed cannabis stocks are subject to stricter regulation so companies are much more careful with what they disclose but both Canopy Growth (NYSE:CGC) and Tilray (NASDAQ:TLRY) are much more forthright. . . . [C]ompare [Cronos's press release] to Canopy Growth and Tilray's disclosures.

**CANOPY ENTERS MOU WITH BC LIQUOR DISTRIBUTION BRANCH TO SUPPLY BRITISH COLUMBIAN MARKET**

July 12, 2018

ALDERGROVE & DELTA, BC - Continuing the theme of securing major supply agreements in every Canadian province and territory with announced supply plans, Canopy Growth Corporation (TSX:WEED)(NYSE:CGC) (the "Company" or "Canopy Growth") is proud to announce that cannabis grown in its Delta and Aldergrove facilities, its other sites across the country, and products from its CraftGrow partners will be sold in fine retailers, both government-operated and private, across the province of British Columbia post-prohibition.

Canopy Growth entered into a supply MOU with the BC Liquor Distribution Branch to make available 5,719 kg of high-quality cannabis products in the first 12-months following October 17, 2018. The quantity referenced is a delivery requirement agreed to in the MOU, not an internal allocation.

**High Park Company™ Announces Agreement to Supply Société des alcools du Québec (SAQ) with Cannabis**

April 11, 2018 at 7:00 AM EDT

TORONTO--(BUSINESS WIRE)--Tilray Canada Ltd. ("Tilray") announced today that the company has signed an agreement with the Société des alcools du Québec (SAQ) to supply the Québec market with high-quality cannabis brands and products in anticipation of adult-use legalization later this year. Tilray will fulfill the agreement through its affiliate High Park Company ("High Park"), which was formed to produce and distribute a broad-based portfolio of adult-use cannabis brands and products.

"We are thrilled High Park will deliver a safe, secure and reliable supply of cannabis to Quebec," said Adine Fabiani-Carter, Chief Marketing Officer at High Park. "Our goal is to deliver on the high expectations that Canadians have of us by cultivating and distributing a portfolio of world-class adult-use products that will lead the market in quality, excellence and craftsmanship."

Under the terms of the agreement, High Park commits to supplying the Quebec market with 5,000 kilograms of cannabis per year across a variety of brands for a three-year period.

6

*Cronos is all talk*. Last quarter, despite having the first ever license issued by Health Canada in late 2013, ***Cronos has vastly underperformed every big competitor.***



(Emphases added.)

19.     On this news, Cronos's share price fell $3.62, or over 28%, to close at $9.12 per share on August 30, 2018, on usually heavy trading volume.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Cronos securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

7

21. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Cronos securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Cronos or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

22. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

23. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

24. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Cronos;

- whether Defendant Gorenstein caused Cronos to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

8

- whether the prices of Cronos securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

26. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Cronos securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- Cronos securities traded on the NASDAQ and were covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Cronos securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

27. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

28.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

29.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

30.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

31.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Cronos securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Cronos securities and options at artificially inflated prices.  In furtherance of

this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

32. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Cronos securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Cronos finances and business prospects.

33. By virtue of their positions at Cronos , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

34. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior manager and director of Cronos, Gorenstein had knowledge of the details of Cronos internal affairs.

35. Defendant Gorenstein is liable both directly and indirectly for the wrongs complained of herein.  Because of his positions of control and authority, Gorenstein was able to

and did, directly or indirectly, control the content of the statements of Cronos. As an officer and director of a publicly-held company, Gorenstein had a duty to disseminate timely, accurate, and truthful information with respect to Cronos businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Cronos securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Cronos business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Cronos securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

36. During the Class Period, Cronos securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Cronos securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Cronos securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Cronos securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

37. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against Gorenstein)

39. Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. During the Class Period, Gorenstein participated in the operation and management of Cronos, and conducted and participated, directly and indirectly, in the conduct of Cronos business affairs. Because of his senior position, he knew the adverse non-public information about Cronos misstatement of income and expenses and false financial statements.

41. As an officer and director of a publicly owned company Gorenstein had a duty to disseminate accurate and truthful information with respect to Cronos financial condition and results of operations, and to correct promptly any public statements issued by Cronos which had become materially false or misleading.

42. Because of his position of control and authority as a senior officer, Gorenstein was able to, and did, control the contents of the various reports, press releases and public filings which Cronos disseminated in the marketplace during the Class Period concerning Cronos results

of operations.  Throughout the Class Period, Gorenstein exercised his power and authority to cause Cronos to engage in the wrongful acts complained of herein. Gorenstein therefore, was a "controlling person" of Cronos within the meaning of Section 20(a) of the Exchange Act.  In this capacity, Gorenstein participated in the unlawful conduct alleged which artificially inflated the market price of Cronos securities.

43. Gorenstein, therefore, acted as a controlling person of Cronos.  By reason of hi senior management position and/or being a director of Cronos, Gorenstein had the power to direct the actions of, and exercised the same to cause, Cronos to engage in the unlawful acts and conduct complained of herein.  Gorenstein exercised control over the general operations of Cronos and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

44. By reason of the above conduct, Gorenstein is liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Cronos.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:   September 14, 2018

          Respectfully submitted,

          **POMERANTZ LLP**

          */s/ Jeremy A. Lieberman*
          Jeremy A. Lieberman
          J. Alexander Hood II
          600 Third Avenue, 20th Floor
          New York, New York 10016
          Telephone:  (212) 661-1100
          Facsimile:  (212) 661-8665
          Email:  jalieberman@pomlaw.com
                 ahood@pomlaw.com

          **POMERANTZ LLP**
          Patrick V. Dahlstrom
          10 South La Salle Street, Suite 3505
          Chicago, Illinois 60603
          Telephone:  (312) 377-1181
          Facsimile:  (312) 377-1184
          Email:  pdahlstrom@pomlaw.com

          **BRONSTEIN, GEWIRTZ**
          **& GROSSMAN, LLC**
          Peretz Bronstein
          60 East 42nd Street, Suite 4600
          New York, NY 10165
          (212) 697-6484
          Email: peretz@bgandg.com

          ***Attorneys for Plaintiff***

**Submission Date**

2018-09-05 09:39:09

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.   I  make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against Cronos Group, Inc. ("Cronos" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire Cronos securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Cronos securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Cronos securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

## Name

**Print Name**

Ida  LoBello

## Acquisitions

**Configurable list (if none enter none)**

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
|---|---|---|
| 8/28/18 | 500 | $11.18 |

## Sales

**Configurable list (if none enter none)**

| Date Sold | Number of Shares Sold | Price per Share Sold |
|---|---|---|
| 8/30/18 | 500 | $8.89 |

## Documents & Message

**Upload your brokerage statements showing your individual purchase and sale orders.**


**Signature**



**Full Name**

Ida LoBello



**Cronos Group, Inc. (CRON)**                                                                            **LoBello, Ida**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| 8/28/2018 | Purchase | 500 | $11.1800 |
| 8/30/2018 | Sale | 500 | $8.8900 |